**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04206-NYW

WILLIAM NATAN,

Applicant,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity
MARKWAYNE MULLIN, in his official capacity
DAVID J. VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter comes before the Court on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), [Doc. 1]; Petitioner-Plaintiff's Motion for Temporary Restraining Order And/Or Preliminary Injunction ("Motion"), [Doc. 2]; and Supplemental Brief / Arguments And Additional Claims ("Supplemental Claim"), [Doc. 17]. Respondents have responded to the Petition and the Supplemental Claim. [Doc; 9; Doc. 19]. In both of their responses, Respondents state that they "are not submitting a brief in opposition." [Doc. 9 at 1–2; Doc. 17 at 1]. For the reasons set forth in this Order, the Petition and Supplemental Claim are **GRANTED in part**, and the Motion is **DENIED as moot**.

**DISCUSSION**

Petitioner William Natan ("Petitioner" or "Mr. Natan") is a citizen of Indonesia who entered the United States in February 2024. [Doc. 1 at ¶ 10]. He has a pending

application for asylum and employment authorization valid until 2029. [*Id.*]. On July 26, 2025, Mr. Natan was charged with Driving Under the Influence, and on December 20, 2025, he received a deferred sentence requiring completion of a probation program. [*Id.* at ¶ 12]. On May 12, 2026, ICE arrested Mr. Natan as he was walking out of his apartment building "absent . . . an arrest warrant and predetention hearing." [*Id.* at ¶ 13]. He was then brought to ICE's office to be processed where he was shown but not served a copy of his Notice to Appear ("NTA"). [*Id.*]. The exhibits attached by Mr. Natan purport to show that the NTA was issued on May 26, 2026, [Doc. 17 at 8], and the arrest warrant was served on May 12, 2026 after Mr. Natan had arrived at the Denver Contract Detention Center, [Doc. 17 at 9–10]. Mr. Natan alleges, however, that the warrant is "back-dated to the day of arrest," and he was actually not served with the warrant until "long after" he was detained. [*Id.* at ¶ 6]. On June 26, 2026, Mr. Natan received a bond hearing where the immigration judge denied bond after finding that Mr. Natan "ha[d] not established he is not a danger." [Doc. 1 at ¶¶ 14–16]. Petitioner is presently detained at the Denver Contract Detention Center in Aurora, Colorado. [*Id.* at ¶¶ 5, 13].

Mr. Natan states that "he does not have a final removal order" and is subject to "the discretionary detention provision at 8 U.S.C. § 1226(a)." [*Id.* at ¶ 25]. He brings three claims for relief: (1) "constitutionally inadequate 1226(a) bond hearing that resulted in a bond denial violated Mr. Natan's due process rights as the IJ failed to place the burden of proof on the government"; (2) "Respondents['] continued detention of Mr. Natan violates his Fifth Amendment due process rights"; and (3) "arrest and detention without a valid warrant and NTA." [*Id.* at ¶¶ 43–77 (emphasis omitted); Doc. 17 at ¶¶ 2–11 (emphasis

omitted)]. As relief, Mr. Natan requests immediate release from custody. [Doc. 1 at 30; Doc. 17 at ¶ 11]. The Motion requests substantively the same relief. [Doc. 2 at 20].

As previously explained in detail by the Court, Section 1226 authorizes arrest and detention only "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), or without a warrant in very limited circumstances, 8 U.S.C. § 1357(a)(2). *See also Torres v. Baltazar,* No. 26-cv-04996-NYW, 2026 WL 3120698, at *2 (D. Colo. Oct. 19, 2026) (discussing the requirements for warrantless arrests). Under Section 1226, "the warrant must be issued '[a]t the time of issuance of the notice to appear, or at any time thereafter' until removal proceedings have completed." *Limon Soto v. Valdez*, No. 26-cv-03948-NYW, 2026 WL 2664193, at *3 (D. Colo. Sept. 10, 2026) (quoting 8 C.F.R. § 236.1(b)(1)). So "the arrest warrant cannot precede the notice to appear." *Id.* (collecting cases).

Respondents make no arguments disputing Mr. Natan's allegations that he was arrested and detained without a warrant. [Doc. 9 at 1–2 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."); Doc. 19 at 1 (same)]. Nor do they make any arguments that Mr. Natan's arrest was otherwise proper or that his ongoing detention is justified. *See* [Doc. 9; Doc. 19]. They have therefore waived any such arguments. *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *6 (D. Colo. May 15, 2026) (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Nothing in the record before this Court demonstrates that the Government complied with either § 1226(a) in obtaining a warrant prior to Mr. Natan's arrest or

§ 1357(a)(2). The Petition and Supplemental Claim are therefore **GRANTED in part** with respect to Petitioner's third claim that he was unconstitutionally arrested and detained. *See* [Doc. 17 at ¶¶ 2–11]. The Court will order Mr. Natan released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)). Having granted Mr. Natan his requested relief, the Court need not reach his other claims.[1]

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] and Supplemental Brief / Arguments and Additional Claim(s) [Doc. 17] are **GRANTED in part**;

(2) Petitioner-Plaintiff's Motion for Temporary Restraining Order And/Or Preliminary Injunction [Doc. 2] is **DENIED as moot**;

(3) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody;

(4) On or before **November 5, 2026**, Respondents **SHALL FILE** a status report confirming that Petitioner was released; and

(5) The Clerk of Court is **DIRECTED** to mail this Order to Petitioner at his

[1] The Court finds that the need for injunctive relief, *see* [Doc. 1 at 35; Doc. 2 at 20], is not "clearly established" at this time, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *6 (D. Colo. Feb. 24, 2026) (quotation omitted); *Ba v. Hagan*, No. 26-cv-04047-PAB, 2026 WL 2654063, at *2 n.1 (D. Colo. Sept. 9, 2026), and these requests are therefore denied. Similarly, the Motion is respectfully **DENIED as moot**, because it seeks the same relief as the Petition. *See* [Doc. 2 at 20].

address of record.

DATED: October 29, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge